GARRETT R. WYNNE, CASB No. 220665
garrett.wynne@kyl.com
ANNE P. DAHER, CASB No. 294266
annie.daher@kyl.com
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Avenue
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136

Attorneys for Defendant
JPMORGAN CHASE BANK, N.A.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

|  |  |
|---|---|
| SAMIRA GUCCIONE and SUSAN SALEHI-HAD,<br><br>                    Plaintiffs,<br><br>vs.<br><br>JPMORGAN CHASE BANK, N.A. and DOES 1-5,<br><br>                    Defendants. | Case No. C 14-04587 LB<br><br>**DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order]<br><br>Date: April 2, 2015<br>Time: 9:30 a.m.<br>Place: Courtroom C, 15th Floor |

## NOTICE OF MOTION TO DISMISS

PLEASE TAKE NOTICE that on Thursday, April 2, 2015, at 9:30 a.m. in Courtroom C, 15th Floor of the United States District Court, Northern District of California, located at 450 Golden Gate Ave., San Francisco, CA 94102, Defendant JPMORGAN CHASE BANK, N.A. ("Defendant" or "Chase"), will move for an Order dismissing the First Amended Complaint of Plaintiffs SAMIRA GUCCIONE and SUSAN SALEHI-HAD ("Plaintiffs") with prejudice pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure.

The Motion is based on this Notice of Motion and Motion, the Memorandum of Points

and Authorities appended hereto, the Request for Judicial Notice filed concurrently herewith, and on any oral argument that the Court may entertain at the hearing on the Motion.

## MOTION TO DISMISS

Chase moves to dismiss the First Amended Complaint, and all claims asserted therein, without leave to amend pursuant Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure. As detailed in the attached Memorandum of Points and Authorities, Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted and does not identify the allegations underlying each cause of action.  Chase therefore respectfully submits that the Complaint should be dismissed with prejudice.


DATED:  January 20, 2015                    */s/ Anne P. Daher*
                                            GARRETT R. WYNNE
                                            ANNE P. DAHER
                                            KEESAL, YOUNG & LOGAN
                                            Attorneys for Defendant
                                            JPMORGAN CHASE BANK, N.A.

- 2 -

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................................... 1

II.     STATEMENT OF FACTS ......................................................................................... 1

        A.      Background ................................................................................................... 2

        B.      August 2011 Default And Initiation Of State Court Action ......................... 2

        C.      Negotiations Between Plaintiffs' Counsel and Chase's Counsel From
                January 2012 Through June 2014 .................................................................. 3

        D.      Initiation Of The Instant Lawsuit ................................................................. 3

III.    LEGAL STANDARD ................................................................................................ 3

IV.     LEGAL ARGUMENT ............................................................................................... 4

        A.      Litigation Privilege Bars Most Of Plaintiffs' Claims ................................... 4

        B.      Plaintiffs Fail To State A Claim For Declaratory Relief ............................... 5

        C.      Plaintiffs Fail To State A Claim For Breach Of Contract.............................. 7

                1.      Plaintiffs Fail To Allege The Existence Of A Contract............................... 7

                2.      Plaintiffs Fail To Allege Performance (Or Excuse For
                        Nonperformance) Or Breach ............................................................ 7

        D.      Plaintiffs Fail To State A Claim For Violation Of The Real Estate
                Settlement Procedures Act ("RESPA") ......................................................... 8

                1.      Plaintiffs Do Not Allege That Chase Breached A Duty
                        Under RESPA ................................................................................. 9

                        a.      Plaintiffs' Allegations With Respect To The
                                January 16, 2014 Letter Fail To Show A Breach
                                Of A Duty Under RESPA ................................................. 9

                        b.      Chase Similarly Breached No Duty With Regard
                                To The April 23, 2014 Letter ......................................... 10

                2.      Plaintiffs Do Not Allege Any Actual Damages Caused By
                        The Purported Violation ................................................................ 11

        E.      Plaintiffs Fail To State A Claim For Violation Of The Rosenthal Fair Debt
                Collection Practices Act............................................................................... 11

        F.      Plaintiffs Fail To State A Claim For Violation Of Business And
                Professions Code Section 17200, *Et Seq.* ................................................. 12

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1         1.     Plaintiffs Lack Standing To Assert A Section 17200 Claim ................................................................................. 13

2.     Plaintiffs Fail To State Facts To Show That Chase Engaged In Any Unlawful, Fraudulent, Or Unfair Practice ..................... 13

a.     Unlawful Business Practices ........................................... 14

b.     Unfair Business Practices ............................................... 14

c.     Fraudulent Business Practices ........................................ 15

G.    Plaintiffs Fail To State A Claim For Financial Elder Abuse ..................................... 16

1.     Plaintiffs Fail To Allege That Plaintiff Salehi-Had Was Deprived Of Any Property Right ................................................. 16

2.     Plaintiffs Fail To Allege That Chase Acted With The Requisite Motive ............................................................... 17

3.     Plaintiffs Fail To Allege That Plaintiff Salehi-Had Was An "Elder" At The Time Of The Purported Wrongful Conduct .......................................................................... 18

H.    Plaintiffs Fail To State A Claim For Intentional Infliction Of Emotional Distress ................................................................................. 18

V.    CONCLUSION ................................................................................. 20

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

### FEDERAL CASES

4

*Ansari v. Elec. Document Processing Inc.,*

5
　　2013 U.S. Dist. LEXIS 124798 (N.D. Cal. Aug. 28, 2013)....................................12

6

*Ashcroft v. Iqbal,*

7
　　556 U.S. 662 (2009)........................................................................................4, 7

*Balistreri v. Pacifica Police Dep't.,*

8
　　901 F.2d 696 (9th Cir. 1990) ................................................................................3

9

*Dhaliwal v. Singh,*

10
　　2013 U.S. Dist. LEXIS 116568 (E.D. Cal. Aug. 16, 2013) ...............................18

11

*Fortaleza v. PNC Fin. Servs. Group, Inc.,*
　　642 F. Supp. 2d 1012 (N.D. Cal. 2009) ............................................................14

12

*Heflebower v. JPMorgan Chase Bank, NA,*

13
　　2014 U.S. Dist. LEXIS 29777 (E.D. Cal. Mar. 3, 2014) ...................................12

14

*Herb v. Pitcairn,*

15
　　324 U.S. 117 (1945)..............................................................................................6

16

*Hutchins v. Bank of Am., N.A.,*
　　2014 U.S. Dist. LEXIS 24637 (N.D. Cal. Feb. 25, 2014) .................................11

17

*Kaui Scuba Ctr., Inc. v. Padi Ams., Inc.,*

18
　　2011 U.S. Dist. LEXIS 75704 (C.D. Cal. July 13, 2011) ....................................7

19

*Kouretas v. Nationstar Mortg. Holdings, Inc.,*

20
　　2014 U.S. Dist. LEXIS 115647 (E.D. Cal. Aug. 18, 2014) ...............................16

21

*Lal v. American Home Servicing, Inc.,*
　　680 F. Supp. 2d 1218 (E.D. Cal. 2010)........................................................11, 12

22

*Lesavoy v. JP Morgan Chase Bank, N.A.,*

23
　　2014 U.S. Dist. LEXIS 160880 (N.D. Cal. Nov. 12, 2014)...........................15, 19

24

*Lintz v. Bank of Am., N.A.,*
　　2013 U.S. Dist. LEXIS 139717 (N.D. Cal. Sept. 27, 2013) ...........................16, 17

25

26

*Marzette v. Provident Sav. Bank, F.S.B.,*
　　2011 U.S. Dist. LEXIS 130660 (E.D. Cal. Nov. 9, 2011) ....................................7

27

28

- iii -

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

*Papasan v. Allain,*
   478 U.S. 265 (1986)..................................................................................4, 15, 19

*Principal Life Ins. Co. v. Robinson,*
   394 F.3d 665 (9th Cir. 2005) ...................................................................................5

*Quinteros v. Aurora Loan Services,*
   740 F. Supp. 2d 1163 (E.D. Cal. 2010)..................................................................19

*Sprewell v. Golden State Warriors,*
   266 F.3d 979 (9th Cir. 2001) ...............................................................................4, 8

*Stanard v. Nygren,*
   658 F.3d 792 (7th Cir. 2011) ...........................................................................15, 19

*Welte v. Wells Fargo Bank, N.A.,*
   2013 U.S. Dist. LEXIS 180466, 2013 WL 6728889 (C.D. Cal. Dec. 18, 2013)....................17

*Wilson v. Bank of Am., N.A.,*
   2014 U.S. Dist. LEXIS 134208 (E.D. Pa. Sept. 24, 2014) ........................................8

*Wornum v. Aurora Loan Servs.,*
   2011 U.S. Dist. LEXIS 89461 (N.D. Cal. Aug. 11, 2011)........................................6

*Yinling Zhang v. Countrywide Home Loans, Inc.,*
   2012 U.S. Dist. LEXIS 51992 (N.D. Cal. Apr. 13, 2012) ........................................9

## STATE CASES

*Californians For Disability Rights v. Mervyn's, LLC,*
   39 Cal. 4th 223 (2006) ...........................................................................................13

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
   20 Cal. 4th 163 (1999) ...........................................................................................14

*Christensen v. Super. Court,*
   54 Cal. 3d 868 (1991) ............................................................................................18

*Daugherty v. Am Honda Motor Co., Inc.,*
   144 Cal. App. 4th 824 (2006) ................................................................................16

*Fletcher v. W. Nat'l Life Ins. Co.,*
   10 Cal. App. 3d 376 (1970) ....................................................................................18

*Gen. of Am. Ins. Co. v. Lilly,*
   258 Cal. App. 2d 465 (1968) ...................................................................................6

*Home Ins. Co. v. Zurich Ins. Co. et al.,*
   96 Cal. App. 4th 17 (2002) ..................................................................................4, 5

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

*Jacob B. v. County of Shasta,*
    40 Cal. 4th 948 (2007) ...........................................................................5

*Kwikset Corp. v. Superior Court,*
    51 Cal. 4th 310 (2011) .........................................................................13

*Lavie v. Procter & Gamble Co.,*
    105 Cal. App. 4th 496 (2003) ..............................................................14

*Levy v. State Farm Mutual Automobile Ins. Co.,*
    150 Cal. App. 4th 1 (2007) ....................................................................7

*Morgan v. AT&T Wireless Servs., Inc.,*
    177 Cal. App. 4th 1235 (2009) ............................................................13

*Navarro v. IHOP Properties, Inc.,*
    134 Cal. App. 4th 834 (2005) ................................................................4

*People v. McKale,*
    25 Cal. 3d 626 (1979) ..........................................................................14

*Podolsky v. First Healthcare Corp.,*
    50 Cal. App. 4th 632 (1992) ................................................................14

*Rubin v. Green,*
    4 Cal. 4th 1187 (1993) ...........................................................................5

*Silberg v. Anderson,*
    50 Cal. 3d 205 (1990) .........................................................................4, 5

*Wall St. Network, Ltd. v. N.Y. Times Co.,*
    164 Cal. App. 4th 1171 (2009) ..............................................................7

*Wentland v. Wass,*
    126 Cal. App. 4th 1484 (2005) ..............................................................5

### FEDERAL STATUTES AND RULES

12 U.S.C.
    § 2605(f)(1) ..........................................................................................11
    § 2605(f)(1)(A) ......................................................................................8

28 U.S.C.
    § 2201(a) ............................................................................................5, 6

Fed. R. Civ. P. 8(a)(2) ................................................................................15, 19

Fed. R. Civ. P. 12(b)(6) ....................................................................................3

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

12 C.F.R.

    § 1024.35(a) .................................................................................................9

    § 1024.35(e) .................................................................................................8

    § 1024.35(e)(1)(i)(A-B) ..............................................................................9

    § 1024.35(e)(1)(i)( B) ...............................................................................10

    § 1024.35(g)(2) ............................................................................................9

## STATE STATUTES AND RULES

Cal. Bus. & Prof. Code

    § 17200.................................................................................5, 12, 13, 14, 16

    § 17204 ......................................................................................................13

Cal. Civ. Code

    § 47(b) ........................................................................................................4

    § 1788.2(c) ................................................................................................12

Cal. Welf. & Inst. Code

    § 15610.27 .................................................................................................18

    § 15610.30(a)(1) ..................................................................................16, 17

    § 15610.30(b) .............................................................................................17

    § 15610.30(c) .............................................................................................16

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1

### MEMORANDUM OF POINTS AND AUTHORITIES

2

Defendant JPMORGAN CHASE BANK, N.A. ("Defendant" or "Chase") respectfully

3

submits this Memorandum of Points and Authorities in support of its Motion to Dismiss

4

("Motion") the First Amended Complaint ("FAC") of Plaintiffs SAMIRA GUCCIONE and

5

SUSAN SALEHI-HAD ("Plaintiffs").

6

## I.    INTRODUCTION

7

In November 2011, having defaulted on their $910,000 residential loan, Plaintiffs filed a

8

lawsuit in San Mateo County Superior Court to enjoin a foreclosure sale of their property and to

9

assert claims against the lawyer and law firm that they claim defrauded them and advised them to

10

stop making their loan payments.  The lawsuit was stayed in September 2012 pending the

11

outcome of an action brought in federal court by the Consumer Financial Protection Bureau

12

against the law firm and lawyer.  During the course of the litigation, Plaintiffs' counsel and

13

Chase's counsel engaged in extensive settlement negotiations and communicated at length

14

regarding Plaintiffs' desire to reinstate their loan, requests for payoff and reinstatement quotes

15

and contentions that Chase was overcharging them.

16

Apparently dissatisfied with the progress of these negotiations, Plaintiffs initiated a

17

second lawsuit against Chase[1] asserting seven meritless claims, all of which are premised on the

18

communications between their counsel and Chase's counsel in the prior action.  As described in

19

detail below, the allegations in the FAC fail to state a claim against Chase because they are

20

barred by litigation privilege and because Plaintiffs fail to state the essential elements of any of

21

their asserted claims.  Accordingly, Chase respectfully submits that the Court should grant its

22

Motion in its entirety and dismiss all seven of Plaintiffs' claims without leave to amend.

23

## II.    STATEMENT OF FACTS

24

The following are allegations in the FAC, the exhibits thereto, and judicially noticeable

25

26

[1] Plaintiffs dismissed the prior lawsuit without prejudice on December 12, 2014.  *See, infra,*
Section II.

27

28

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1   facts which, for the purposes of this Motion only, Chase accepts as true.

2       **A.    Background**

3           The real property that forms the subject of this dispute is located at 300 Darrell Road,

4   Hillsborough, California 94010 ("Subject Property").  (FAC, ¶ 2.)  In March 2006, Plaintiffs

5   obtained a $910,000 residential loan ("Subject Loan") from Washington Mutual Bank, FA

6   ("WaMu") secured by a Deed of Trust ("Deed of Trust") encumbering the Subject Property.

7   (FAC, ¶ 9; RJN, Exh. 1.)  WaMu failed and, on September 25, 2008, the Federal Deposit

8   Insurance Corporation ("FDIC") and Chase entered into a Purchase and Assumption Agreement

9   ("P&A Agreement") through which Chase acquired all "servicing rights and obligations" of

10  WaMu.[2]  (RJN Exh. 2.)  In or around September 2010, Plaintiffs applied for a loan modification

11  from Chase.  (FAC, ¶ 10.)

12      **B.    August 2011 Default And Initiation Of State Court Action**

13          Plaintiffs allege that, after they applied for a loan modification in September 2010, they

14  were solicited by the Gordon Law Firm, which told them to stop making their mortgage

15  payments.  They purportedly followed that advice, stopped making their payments, and went into

16  default.  (FAC, ¶ 19.)  A Notice of Default recorded on August 17, 2011 indicated that Plaintiffs

17  were over $29,000 in arrears as of August 15, 2011.  (RJN, Exh. 3.)  A Notice of Trustee's Sale

18  was recorded on November 18, 2011 stating that a sale was scheduled for December 9, 2011.

19  (RJN, Exh. 4.)

20          On or about November 21, 2011, Plaintiffs filed a Complaint against the Gordon Law

21  Firm, Chase, and California Reconveyance Company (the trustee of the loan) in San Mateo

22  County Superior Court, seeking to enjoin the pending Trustee's Sale and asserting a number of

23  claims related to bad legal advice they had received from the Gordon Law Firm and the resulting

24  foreclosure, thus initiating *Samira Guccione et al. v. JPMorgan Chase et al.*, Case No.

25  CIV509849 (the "State Court Action").  (*See* RJN, Exhs. 5-7.)  The State Court Action was

26  

27  [2] Contrary to Plaintiffs' assertion, Chase did not purchase WaMu.  (*See* FAC, ¶ 9.)

28  

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

stayed on September 26, 2012 pending the resolution of a case brought by the Consumer

Financial Protection Bureau against the Chance Gordon and the Gordon Law Firm in federal

court.  (*See* RJN, Exh. 8.)

### C.   Negotiations Between Plaintiffs' Counsel and Chase's Counsel From January 2012 Through June 2014

During the course of the State Court Action, Plaintiffs' counsel and Chase's counsel

discussed the possibility of Plaintiffs reinstating their loan.  (FAC, ¶ 20.)  Plaintiffs allege that,

from January 2012 through June 2014, Chase's counsel provided reinstatement and payoff

quotes which Plaintiffs believed contained incorrect escrow account balances.  (FAC, ¶ 20-30.)

Plaintiffs' counsel, on behalf of Plaintiff Samira Guccione, sent two letters to Chase regarding

the escrow account balance, the first dated January 16, 2014, and the second dated April 23,

2014.  (FAC, ¶¶ 31-44, Exhs. Q, S.)  Chase responded to those letters on March 3, 2014 and June

5, 2014.  (FAC, Exhs. R, T.)

### D.   Initiation Of The Instant Lawsuit

On October 14, 2014, dissatisfied with the progress of their negotiations with Chase's

counsel in the State Court Action, Plaintiffs initiated the instant lawsuit against Chase by filing

this action in the Northern District of California.  (*See* Docket Number ("Dkt. No.") 1.)

Plaintiffs subsequently amended their Complaint on or about November 14, 2014.  (*See* Dkt. No.

6.)  On December 11, 2014, Plaintiffs dismissed the State Court Action without prejudice.  (*See*

RJN, Exhs. 8, 9.)

## III.   LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to

dismiss a complaint for "failure to state a claim upon which relief can be granted."  A court may

dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged

under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th

Cir. 1990).

In order to survive a motion to dismiss, a complaint "must contain sufficient factual

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1  matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S.

2  662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

3  has "facial plausibility" if the plaintiff pleads facts that "allow the court to draw the reasonable

4  inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

5  "Thread-bare recitals of the elements of a cause of action, supported by mere conclusory

6  statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Assuming the veracity of

7  well-pleaded factual allegations, the Court must "determine whether they plausibly give rise to

8  an entitlement to relief." *Id.* However, the court does not accept as true "'a legal conclusion

9  couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in

10  *Twombly*, 555 U.S. at 555), nor "allegations that contradict matters properly subject to judicial

11  notice," or material attached to or incorporated by reference into a complaint. *Sprewell v.*

12  *Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). As described herein, Plaintiffs'

13  factual and legal contentions fail to state any plausible claim for relief. Accordingly, Chase's

14  Motion should be granted in its entirety.

15  **IV.   LEGAL ARGUMENT**

16  **A.    Litigation Privilege Bars Most Of Plaintiffs' Claims**

17  The litigation privilege, codified at California Civil Code section 47(b), protects

18  communications (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other

19  participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some

20  connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (1990).

21  The purpose of the privilege is "to afford litigants . . . the utmost freedom of access to the courts

22  without fear of being harassed subsequently by derivative tort actions." *Id.* at 213. The privilege

23  "has been given expansive application by California courts" and applies to any communication,

24  inside or outside the courtroom, including settlement negotiations. *Home Ins. Co. v. Zurich Ins.*

25  *Co. et al.*, 96 Cal. App. 4th 17, 23-24 (2002); *Navarro v. IHOP Properties, Inc*., 134 Cal. App.

26  4th 834, 843 (2005) ("Numerous courts have held that statements relating to settlements also fall

27  within the privilege, including those made during settlement negotiations.") Moreover,

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

"communications with 'some relation' to an anticipated lawsuit are … within the privilege."
*Rubin v. Green*, 4 Cal. 4th 1187, 1194 (1993).  "Any doubt as to whether the privilege applies is resolved in favor of applying it."  *Zurich*, 96 Cal. App. 4th at 23 (internal quotations and citation omitted).

Here, all of Plaintiffs' claims, and all of the allegations in the FAC, are premised on communications between Plaintiffs' counsel and Chase's counsel that took place during the course of the State Court Action (from November 2011 through the filing of the instant lawsuit in October 2014) and on documents provided by Chase's counsel to Plaintiffs during that time. (*See generally,* FAC and Exhibits.)  These communications were all in furtherance of resolving the State Court Action by agreeing on a reinstatement amount, and therefore fall within the privilege.  (FAC, ¶¶ 20-44.)

The litigation privilege bars all tort claims except for malicious prosecution, and has also been held to also preclude constitutional, statutory, and breach of contract causes of action in certain circumstances.  *See Silberg*, 50 Cal. 3d at 215-16 (tort claims other than malicious prosecution barred); *Jacob B. v. County of Shasta*, 40 Cal. 4th 948, 952 (2007) (suit based on violation of constitutional right barred); *Rubin v. Green*, 4 Cal. 4th 1187, 1204 (1993) (litigation privilege barred California Business and Professions Code section 17200 claim); *Wentland v. Wass*, 126 Cal. App. 4th 1484, 1492 (2005) (breach of contract claim barred so long as claim comports with policy reasons for litigation privilege).  Chase therefore respectfully submits that the litigation privilege bars Plaintiffs' first (declaratory relief), second (breach of contract); fifth (violation of California Business and Professions Code section 17200), sixth (financial elder abuse), and seventh (intentional infliction of emotional distress) claims.

### B.     Plaintiffs Fail To State A Claim For Declaratory Relief

The Declaratory Judgment Act allows a district court to "declare the rights and other legal relations of any interested party seeking such a declaration . . . ."  28 U.S.C. § 2201(a). However, such relief is limited by the express terms of the statute to cases "of actual controversy."  *Id*.; *see also Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005)

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1    (the finding that an actual controversy exists is an essential prerequisite for any claims under the

2    Declaratory Judgment Act). Thus, a plaintiff is not entitled to declaratory relief absent an

3    independent viable claim. *See Wornum v. Aurora Loan Servs.*, 2011 U.S. Dist. LEXIS 89461, at

4    *29 (N.D. Cal. Aug. 11, 2011) (citing *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th

5    1018, 1023 (2000)). Here, because Plaintiffs fail to state any viable underlying claim, they

6    similarly fail to state a claim for declaratory relief. *See infra*, Sections IV.C-H.

7            Plaintiffs' claim for declaratory relief also fails because they do not specify the type of

8    declaration they are seeking. *See* 28 U.S.C. § 2201(a) (the Declaratory Judgment Act only

9    provides relief to parties "seeking [ ] a declaration"). Plaintiffs' allegations under this cause of

10   action are utterly vague. They do not specify anywhere in the FAC what declaration they seek.

11   (*See* FAC, ¶ 46-48, prayer for relief.) Accordingly, the Court does not have sufficient guidance

12   to provide declaratory relief without such relief amounting to an improper advisory opinion. *See*

13   *Herb v. Pitcairn*, 324 U.S. 117, 126 (1945) (courts are not permitted to render advisory

14   opinions).

15           In addition, because the factual and legal underpinnings of the claim for declaratory relief

16   involve the same issues as the other claims alleged in the Complaint, the issues can be decided in

17   other causes of actions. *See Gen. of Am. Ins. Co. v. Lilly*, 258 Cal. App. 2d 465, 471 (1968); 28

18   U.S.C. § 2201(a) (The Declaratory Judgments Act, by its terms, makes the granting of

19   declaratory relief discretionary, stating "any court of the United States, upon the filing of an

20   appropriate pleading, ***may*** declare the rights and other legal relations of any interested party

21   seeking such declaration.") (emphasis added). Plaintiffs' breach of contract claim is premised on

22   their allegation that, beginning in April 2011, Chase improperly charged Plaintiffs an incorrect

23   monthly payment amount. (FAC, ¶ 52.) Their declaratory relief claim is similarly premised on

24   their monthly payment amount as of April 2011, the time when Chase "force placed insurance on

25   Plaintiffs." (FAC, ¶ 46.)

26           For all of the reasons described above, Plaintiffs' first claim for declaratory relief fails as

27   a matter of law. Accordingly, it should be dismissed without leave to amend.

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

C.      **Plaintiffs Fail To State A Claim For Breach Of Contract**

To maintain a cause of action breach of contract, a plaintiff must allege: (1) the existence of the contract; (2) plaintiff's full performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to plaintiff therefrom.  *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2009).  Under well-settled California law, all of these elements must be pled with specificity.  *Levy v. State Farm Mutual Automobile Ins. Co.*, 150 Cal. App. 4th 1, 5 (2007).  As explained below, Plaintiffs have failed to allege these requisite elements, and accordingly, they fail to state a claim for breach of contract.

1.      **Plaintiffs Fail To Allege The Existence Of A Contract**

As for the first element, a plaintiff must plead the existence of the contract either "by its terms, set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference, or by its legal effect."  *Kaui Scuba Ctr., Inc. v. Padi Ams., Inc.*, 2011 U.S. Dist. LEXIS 75704, at *14, (C.D. Cal. July 13, 2011) (internal quotations and citations omitted).  "In order to plead a contract by its legal effect, [Plaintiff] must 'allege the substance of its relevant terms.'"  *Id.*  Here, Plaintiffs state that their claim is premised on a promissory note that they signed in March 2006.  (FAC, ¶ 9.)  However, they have not attached the promissory note, set forth its terms verbatim, or alleged the substance of its terms anywhere in the FAC.  Plaintiffs have therefore failed to allege the existence of a contract.

2.      **Plaintiffs Fail To Allege Performance (Or Excuse For Nonperformance) Or Breach**

Because Plaintiffs do not set forth the terms of the promissory note, they also fail to establish the second and third elements.  As the terms of the promissory note terms are undefined, Plaintiffs' statements that they performed all of their obligations thereunder except for those which were excused (FAC, ¶ 51) and/or that Chase purportedly breached the terms of the promissory note (FAC, ¶ 52) are utterly conclusory.  *See Iqbal*, 556 U.S. at 677 (2009); *Marzette v. Provident Sav. Bank, F.S.B.*, 2011 U.S. Dist. LEXIS 130660, at *11 (E.D. Cal. Nov. 9, 2011) ("A breach of contract claim rests upon the actual terms of a contract and a plaintiff

- 7 -                        KYL_SF668426.v2

1  must allege a breach of the express provisions of a contract.") (citing *Nichols v. Greenpoint*

2  *Mortgage Funding, Inc.*, 2008 U.S. Dist. LEXIS 87644, at *4 (C.D. Cal. Aug. 19, 2008)

3  (dismissing breach of contract claim where the "[p]laintiff . . . failed to set forth any provisions

4  of the Notes that were breached").

5      Moreover, Plaintiffs claim that they fully performed under the promissory note except to

6  the extent that they were excused is also contradicted by the allegations in the FAC.  *See*

7  *Sprewell*, 266 F.3d at 988-89.  Plaintiffs admit that, sometime after April 2011, they stopped

8  making mortgage payments.  (FAC, ¶ 19.)  The last account statement indicating that Plaintiffs

9  had made their payments is dated January 10, 2011.  (FAC, Exh. F.)  They do not allege that they

10  made a single payment after April 2011, and indeed, Chase's March 3, 2014 letter refers to

11  Plaintiffs' "failure to remit monies toward the loan since March 2011 (with the exception of [ ]

12  two $4,000 payments . . .)."  (*See generally,* FAC, Exh. R.)  Accordingly, Plaintiffs' contention

13  that they performed under the promissory note is specious.

14      Plaintiffs' second claim for breach of contract fails as a matter of law due to the

15  deficiencies described above.  Accordingly, it should be dismissed without leave to amend.

16
17      **D.    Plaintiffs Fail To State A Claim For Violation Of The Real Estate Settlement Procedures Act ("RESPA")**

18      "A plaintiff claiming a RESPA violation must allege not only a breach of a duty required

19  to be performed under RESPA, but must also show that the breach caused him to suffer

20  damages."  *Wilson v. Bank of Am., N.A.,* 2014 U.S. Dist. LEXIS 134208, 29 (E.D. Pa. Sept. 24,

21  2014) (internal citations and quotations omitted); 12 U.S.C. § 2605(f)(1)(A).  Plaintiffs claim

22  that Chase violated Regulation X, 12 C.F.R. § 1024.35(e) by not conducting a reasonable

23  investigation or correcting the errors identified in two letters that Plaintiffs' counsel sent to

24  Chase's counsel on behalf of Plaintiff Samira Guccione during the State Court Action, the first

25  on August 16, 2014 (FAC, Exh. Q), and the second on April 23, 2014 (FAC, Exh. S).  (FAC, ¶¶

26  56-60.)  For the following reasons, Plaintiffs' attempts to state a RESPA claim fail.

27
28

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

### 1.     Plaintiffs Do Not Allege That Chase Breached A Duty Under RESPA

Under Regulation X, in response to a notice of error, a servicer must respond by either:

(A)   Correcting the error or errors identified by the borrower and providing the borrower with a written notification of the correction, the effective date of the correction, and contact information, including a telephone number, for further assistance; or

(B)   Conducting a reasonable investigation and providing the borrower with a written notification that includes a statement that the servicer has determined that no error occurred, a statement of the reason or reasons for this determination, a statement of the borrower's right to request documents relied upon by the servicer in reaching its determination, information regarding how the borrower can request such documents, and contact information, including a telephone number, for further assistance.

12 C.F.R. § 1024.35(e)(1)(i)(A-B). A "notice of error" is "[a] qualified written request that asserts an error relating to the servicing of a mortgage loan." 12 C.F.R. § 1024.35(a). A QWR is: (1) a written correspondence (2) that identifies the name and account of the borrower and (3) states the reasons why the borrower believes the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower. *Yinling Zhang v. Countrywide Home Loans, Inc.*, 2012 U.S. Dist. LEXIS 51992, at *9 (N.D. Cal. Apr. 13, 2012) (citing 12 U.S.C. § 2605(e)(1)(B)).

### a.     Plaintiffs' Allegations With Respect To The January 16, 2014 Letter Fail To Show A Breach Of A Duty Under RESPA

As a preliminary matter, Plaintiff Samira Guccione's January 16, 2014 letter did not give rise to an obligation to send a RESPA-compliant response. A servicer need not respond to a notice of error that is overbroad, i.e., if "the servicer cannot reasonably determine from the notice of error the specific error that the borrower asserts has occurred on a borrower's account." 12 C.F.R. § 1024.35(g)(2). Plaintiff Samira Guccione's January 16, 2014 letter stated that Chase had "assessed or imposed one or more fees or charges to the loan for escrow payments incorrectly" and was therefore "charging the Consumer too much money for the escrow account." (FAC, Exh. Q.) The letter provides no factual support for this assertion, instead

concluding that, "from June 1, 2011 to [January 16, 2014], [Chase has] charged $97,260.95 which is $74,846.95 more than the actual amount owed," which it claimed to be $22,360.00. (FAC, Exh. Q.)  Because the letter did not identify any specific error, but rather merely complained that Plaintiff Samira Guccione was overcharged, it was overbroad.  Therefore, the letter did not require any RESPA-compliant response from Chase.

Moreover, the allegations of the FAC and the exhibits attached thereto reflect that Chase's March 3, 2014 response to the January 16, 2014 complied with the requirements of 12 C.F.R. section 1024.35(e)(1)(i)( B).  Chase's four-page March 3, 2014 letter illustrates that it conducted a thorough investigation into Plaintiff Samira Guccione's claim that she had been overcharged.  (FAC, Exh. R.)  It explained Chase's calculation of Plaintiff's escrow and other loan charges.  (*Id.*)  It further noted that Plaintiff Samira Guccione had been advised of the creation of the escrow account on April 14, 2011 and that she was not supposed to be making tax payments directly.  (*Id.*)  Thus, the March 3, 2014 letter makes clear that Chase undertook a reasonable investigation of Plaintiff's claim that she had been overcharged.   Therefore, Chase breached no duty under RESPA with respect to the January 16, 2014 letter.

> **b.    Chase Similarly Breached No Duty With Regard To The April 23, 2014 Letter**

Plaintiff Samira Guccione's April 23, 2014 letter alleged that: (1) Chase improperly charged her for "Forced Placed Insurance" without providing notice and despite the fact that there had been no lapse in insurance coverage and (2) that Chase charged Plaintiff "the sum of $77,707.60" for "Forced Place Insurance" from 2011 to February 2014, which she claimed was unreasonable and unlawful.  (FAC, Exh. S.)  As was the case with the prior letter, Chase's June 5, 2014 response was sufficient to indicate that it reasonably investigated the issues Plaintiff Samira Guccione raised and determined that no error was made, and thus complied with the requirements of 12 C.F.R. section 1024.35(e)(1)(i)( B).  With regard to the first set of allegations, Chase explained that, after Plaintiff Samira Guccione did not provide it with proof of insurance, Chase made insurance payments on her behalf, but that after Plaintiff provided

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1   evidence of insurance, it cancelled the payments.  (FAC, Exh. T.)  It also advised that Chase had

2   provided Plaintiff Samira Guccione notice of these payments beginning in December 2008.  (*Id.*)

3   While the letter indicates that Chase provided Plaintiff Samira Guccione with documentation of

4   her Escrow Account Statements from 2008 through May 2011, Plaintiffs do not attach these

5   statements to the Complaint.  (*See* FAC, Exh. T.)  With regard to Plaintiff's allegations that

6   Chase had charged her $77,707.60 for "Forced Place Insurance" from from 2011 to February

7   2014, Chase explained that Plaintiff had accrued $75,554.70 in escrow charges as of March 3,

8   2014 and referred Plaintiff to its March 3, 2014 letter which described how the escrow charges

9   were calculated.  (FAC, Exh. T.)  Accordingly, Chase also breached no duty under RESPA with

10   respect to the June 5, 2014 letter.

### 2.   Plaintiffs Do Not Allege Any Actual Damages Caused By The Purported Violation

13          To state a RESPA claim, a borrower must plead actual damages arising from a purported

14   RESPA violation.  *Hutchins v. Bank of Am., N.A.*, 2014 U.S. Dist. LEXIS 24637, at *28-29

15   (N.D. Cal. Feb. 25, 2014); *see also* 12 U.S.C. § 2605(f)(1).   "[A] borrower may not recover

16   actual damages for nonpecuniary losses."  *Id.* (citations omitted).  A plaintiff is ***only*** entitled to

17   recover for the loss that relates to the RESPA violation, not for all losses related to foreclosure

18   activity. *See Lal v. American Home Servicing, Inc.*, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010)

19   ("the loss alleged must be related to the RESPA violation itself").  Here, Plaintiffs' RESPA

20   claims are deficient because have not alleged that they suffered any pecuniary damages as a

21   result of Chase's responses to the January 16, 2014 and April 23, 2014 letters.  (FAC, ¶¶ 54-61.)

22   Thus, Plaintiffs' third cause of action for a violation of RESPA is fatally deficient

23          For all of the above reasons, Plaintiffs' third claim for violation of RESPA fails.  It

24   should therefore be dismissed without leave to amend.

### E.   Plaintiffs Fail To State A Claim For Violation Of The Rosenthal Fair Debt Collection Practices Act

27   Plaintiffs' Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act" or "RFDCPA")

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1   claim fails as a matter of law because the statute is inapplicable to Chase.  Liability under the

2   Rosenthal Act only exists where a "debt collector" is engaged in "debt collection."  Cal. Civ.

3   Code § 1788.2(c).  "The law is well settled that the [R]FDCPA's definition of debt collector does

4   not include the consumer's creditors, a mortgage servicing company, or any assignee of the

5   debt." *Lal v. Am. Home Servicing, Inc*., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (internal

6   quotations and citation omitted) (noting that the RFDCPA mirrors the federal FDCPA, and "and,

7   as such, a loan servicer is not a debt collector under these acts"); *see also Heflebower v.*

8   *JPMorgan Chase Bank, NA*, 2014 U.S. Dist. LEXIS 29777, 28 (E.D. Cal. Mar. 3, 2014) (same).

9   Moreover, "a residential home loan . . . is not a 'debt' under the Rosenthal Act." *O'Connor-Rose*

10  *v. J.P. Morgan Chase*, N.A., 2012 U.S. Dist. LEXIS 35279, at *11-12 (E.D. Cal. Mar. 14, 2012)

11  (dismissing Rosenthal Act claim on the ground that residential mortgage loans are not covered

12  by the Rosenthal Act).  Here, Plaintiffs assert a Rosenthal Act claim against Chase in its capacity

13  as either their creditor and as the servicer of their residential home loan.  (FAC, ¶ 9.)  However,

14  as described above, whether as the creditor or as the servicer of Plaintiffs' loan, Chase is not a

15  "debt collector" and Plaintiffs' residential home loan is not a "debt" under the Rosenthal Act.

16        Moreover, to state a Rosenthal Act claim, a plaintiff must also allege that the defendant

17  violated one of its liability provisions.  *See, e.g*., *Ansari v. Elec. Document Processing Inc*., 2013

18  U.S. Dist. LEXIS 124798, at *38-39 (N.D. Cal. Aug. 28, 2013).  Here, Plaintiffs have not

19  described any conduct that allegedly violated the Rosenthal Act's liability provisions.  (*See* FAC,

20  ¶¶ 62-65.)  Therefore, as Plaintiffs have failed to state a claim for violation of the Rosenthal Act,

21  Chase respectfully requests that the Court dismiss Plaintiffs' fourth claim without leave to

22  amend.

23

24        **F.      Plaintiffs Fail To State A Claim For Violation Of Business And Professions
                    Code Section 17200, *Et Seq.***

25        Plaintiffs assert that Chase engaged in unfair, unlawful and fraudulent competition in

26  violation of California Business and Professions Code section 17200, *et seq.* ("Section 17200").

27  However, Plaintiffs fail to state a claim because they lack standing and because they cannot show

28

that Chase engaged in any unfair, unlawful, or fraudulent conduct.

### 1.    Plaintiffs Lack Standing To Assert A Section 17200 Claim

Business and Professions Code section 17204 limits standing in a Section 17200 action to certain specified public officials and to "any person who has suffered injury in fact and has lost money or property as a result of [. . .] unfair competition." *Californians For Disability Rights v. Mervyn's, LLC*, 39 Cal. 4th 223, 228 (2006). To satisfy the narrow standing requirements, a party must (1) establish an economic injury, and (2) show that that economic injury was caused by the defendant's unfair business practice. *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011).

Here, Plaintiffs fail to state facts evidencing an economic injury caused by Chase's allegedly unfair business practice.[3] To date, there has been no foreclosure sale and Plaintiffs still own the Subject Property. As they do not allege that they have made any mortgage payments since April 2011, to the extent they face foreclosure, it is because they defaulted on their loan obligations and ***not*** due to any wrongful conduct by Chase. (*See generally,* FAC.) Moreover, while Plaintiffs allege there is a dispute as to how much Plaintiffs must pay to reinstate their loan, they do not allege that they have lost any money as a result of that dispute. Accordingly, they lack standing to assert a Section 17200 claim.

### 2.    Plaintiffs Fail To State Facts To Show That Chase Engaged In Any Unlawful, Fraudulent, Or Unfair Practice

Section 17200 outlaws as unfair competition "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200. A plaintiff must therefore plead that a defendant engaged in either an unlawful, unfair, or fraudulent business practice in order to state facts sufficient to constitute a cause of action. *See Morgan v. AT&T Wireless Servs., Inc*., 177 Cal. App. 4th 1235, 1253 (2009). Plaintiffs'

---

[3] As explained below, Plaintiff fails to specifically identify any conduct that constitutes an unfair business practice. *See, infra,* Section IV.F.2.

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1    allegations pertaining to this requirement are woefully inadequate.

2                    **a.    Unlawful Business Practices**

3          To allege a claim based on the "unlawful" prong, a plaintiff must allege facts to

4    demonstrate that the practice violates an underlying law, or a "borrowed claim." *See People v.*

5    *McKale,* 25 Cal. 3d 626, 635 (1979).  A business practice is "unlawful" under Section 17200

6    only if it violates an underlying state or federal statute or common law.   *Fortaleza v. PNC Fin.*

7    *Servs. Group, Inc.*, 642 F. Supp. 2d 1012, 1019 (N.D. Cal. 2009).  Here, Plaintiffs contend that

8    "the statutory violations alleged above," i.e., their RESPA and Rosenthal Act claims,

9    "constituted an unlawful business act or practice."  (FAC, ¶ 68.)  As described above, these

10   claims are inadequately pled and fail as a matter of law.[4]  Accordingly, Plaintiffs have failed to

11   allege any unlawful business practice.

12                   **b.    Unfair Business Practices**

13         Under the "unfair" prong of Section 17200, the court must weigh the utility of the

14   defendant's purportedly unfair conduct against the gravity of the alleged harm to the victim.

15   *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 647 (1992).  In the absence of

16   evidence that the allegedly deceptive practices targeted particularly vulnerable consumers, the

17   standard in cases under the unfair competition prong of Section 17200 is that of the ordinary

18   consumer acting reasonably under the circumstances, not the least sophisticated consumer.  *Lavie*

19   *v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 504 (2003).  In executing this analysis,

20   "[c]ourts may not simply impose their own notions of the day as to what is fair or unfair."  *Cel-*

21   *Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 182 (1999).

22         As a preliminary matter, Plaintiffs' claim fails because they do not specify any conduct

23   that allegedly constitutes an "unfair" business practice.  Instead, they appear to claim that all of

24   Chase's actions were unfair.  The FAC refers vaguely to "Chase's aforementioned business acts

---

[4] Even if Plaintiffs asserted that other claims set forth in the FAC constitute unfair business
practices – which they do not – such an argument would be without merit because all such
claims are inadequately pled and subject to dismissal.

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

1   and practices" and states merely that "Chase engaged in unfair business practices within the

2   meaning of the UCL because their conducted [*sic*] was immoral, unethical, oppressive,

3   unscrupulous, substantially injurious to consumers, and offended established public policies

4   favoring foreclosure avoidance."  (FAC, ¶ 68.)   Such a failure to specify the facts underlying the

5   cause of action is improper and a valid basis, in itself, for dismissal.  *See Lesavoy v. JP Morgan*

6   *Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 160880, at *3 (N.D. Cal. Nov. 12, 2014) (granting

7   motion to dismiss in part because the complaint "[did] not adequately explain which facts

8   underlie each asserted cause of action"); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and

9   plain statement of the claim showing that the pleader is entitled to relief"); *Stanard v. Nygren*,

10   658 F.3d 792, 797-98 (7th Cir. 2011) (noting that "unintelligibility is certainly a legitimate

11   reason for [rejecting a complaint]" and that, "where the lack of organization and basic coherence

12   renders a complaint too confusing to determine the facts that constitute the alleged wrongful

13   conduct, dismissal is an appropriate remedy") (citing Fed. R. Civ. P. 8).  Moreover, Plaintiffs'

14   legal conclusion is insufficient to state any unfair business practice.  *See Papasan v. Allain*, 478

15   U.S. at 286.

16        Even considering all of Chase's alleged conduct, Plaintiffs fail to state any unfair

17   business practice.  At most, Plaintiffs have alleged that there is a dispute between them and

18   Chase as to the amount owed on their escrow account, which is not an unfair practice.  They

19   have not alleged any harm arising from the dispute, as described above.  *See, supra,* Section

20   IV.F.1. For all of these reasons, Plaintiffs have failed to state any unfair business practice.

21                    **c.      Fraudulent Business Practices**

22        Plaintiffs' allegations pertaining to the "fraudulent" prong are also inadequate.  They

23   claim that "the allegations underlying the fraud cause of action above also constituted fraudulent

24   business act[s] or practice[s] under the UCL."  (FAC, ¶ 68.)  However, Plaintiffs do not assert a

25   fraud claim in the FAC.  Accordingly, as it is entirely unclear on what conduct Plaintiffs'

26   premise their claim, the claim should be dismissed.  *See Lesavoy*, 2014 U.S. Dist. LEXIS

27   160880, at *3; Fed. R. Civ. P. 8(a)(2); *Stanard*, 658 F.3d at 797-98.  Moreover, the FAC does not

28

contain any allegations indicating that Chase engaged activities which would cause members of the public to likely be deceived, the standard for stating a fraudulent business practice. *See Daugherty v. Am Honda Motor Co., Inc.*, 144 Cal. App. 4th 824, 838 (2006). Therefore, Plaintiffs have failed to state a fraudulent business practice.

As described above, Plaintiffs fail to state a Section 17200 claim because they lack standing and because they fail to allege that Chase engaged in any unlawful, unfair, or fraudulent activity. Accordingly, Plaintiffs' fifth claim should be dismissed without leave to amend.

### G.   Plaintiffs Fail To State A Claim For Financial Elder Abuse

Plaintiffs' financial elder claim against Chase is similarly baseless. "Financial abuse" of an elder or dependent adult occurs when a person or entity "[t]akes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both." Cal. Welf. & Inst. Code § 15610.30(a)(1). "Financial elder abuse claims must be pleaded with particularity." *Lintz v. Bank of Am., N.A.*, 2013 U.S. Dist. LEXIS 139717, at *25-26 (N.D. Cal. Sept. 27, 2013). Plaintiffs' claim is insufficiently pled for all of the following reasons.

#### 1.   Plaintiffs Fail To Allege That Plaintiff Salehi-Had Was Deprived Of Any Property Right

"[A] person or entity takes, secretes, appropriates, obtains, or retains real or personal property when an elder or dependent adult is deprived of any property right." Cal. Welf. & Inst. Code § 15610.30(c). Plaintiffs claim that Chase deprived Plaintiff Salehi-Had of "her legal right to her home." (FAC, ¶ 79.) However, no foreclosure sale has taken place and Plaintiffs still own the property. (*See generally,* FAC.) Moreover, the allegations that Chase somehow precluded Plaintiffs from refinancing or from selling the property for market value are speculative and unsupported, and, even if they were true, they do not constitute a wrongful taking of property. (FAC, ¶ 75.) Accordingly, as "there is simply no allegation that Plaintiff has been deprived of any real or personal property," the allegations in the FAC are insufficient to state a claim upon which relief can be granted. *See Kouretas v. Nationstar Mortg. Holdings, Inc*., 2014 U.S. Dist.

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

LEXIS 115647, at *15 (E.D. Cal. Aug. 18, 2014) (dismissing elder abuse claim with prejudice on the basis that the property had not been sold at foreclosure sale).  As Plaintiffs cannot overcome this defect by amendment, the claim should be dismissed without leave to amend.

### 2. Plaintiffs Fail To Allege That Chase Acted With The Requisite Motive

Plaintiffs have failed to allege that property was taken "for a wrongful use or with intent to defraud."  Cal. Welf. & Inst. Code § 15610.30(a)(1); *see also Welte v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 180466, 19, 2013 WL 6728889 (C.D. Cal. Dec. 18, 2013) (dismissing claim where "the FAC [did] not allege that Defendants took Plaintiff's property interest for wrongful use or [with] intent to defraud"); *Lintz*, 2013 U.S. Dist. LEXIS 139717, 29, 2013 WL 5423873 (N.D. Cal. Sept. 27, 2013) (dismissing claim where the complaint did not allege any "improper or fraudulent motive on the part of Defendant").  Property is taken for "wrongful use" if "the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult."  Cal. Welf. & Inst. Code § 15610.30(b).

Here, Plaintiffs do not set forth a single fact to indicate that Chase or its counsel acted with intent to defraud Plaintiff Saleh-Had or knew or should have known that their conduct would be harmful to her.  The FAC merely states that Chase "knew or should have known" that Plaintiff Salehi-Had "had the right to have her property readily available to her" and concludes that Chase's acts "were willful, wanton, malicious, and oppressive, and were undertaken with recklessness and/or fraud, with the intent to harm and defraud Mrs. Salehi-Had of her legal right to her Home."  (FAC, ¶¶ 76, 79.)  Plaintiffs' elder abuse claim appears to be based on the negotiations that took place from January 2012 to June 2014 regarding reinstating the loan which between Chase's and Plaintiffs' counsel.  *See, supra,* Section II.C.  These negotiations simply reflect that the parties disputed the amount of money that Plaintiffs owed on the escrow account, not any bad intent.  (*See* FAC, ¶¶ 20-40.)  Moreover, the letters submitted to Chase's counsel during this period of time do not bear Plaintiff Salehi-Had's name.  (FAC, Exh. Q, S.)  Accordingly, it is not clear that Chase or its counsel were even aware that their actions would impact her.  Plaintiffs have failed to allege that Chase acted with the motive required to state an

1  elder abuse claim.

2          **3.      Plaintiffs Fail To Allege That Plaintiff Salehi-Had Was An "Elder" At**
3          **The Time Of The Purported Wrongful Conduct**

4          Plaintiffs' claim also fails because they do not allege that Plaintiff Salehi-Had was an

5  elder at the time of the purported conduct.  *See* Cal. Welf. & Inst. Code § 15610.27 (defining

6  "elder" as a person aged 65 or older); *Dhaliwal v. Singh*, 2013 U.S. Dist. LEXIS 116568, at *45

7  (E.D. Cal. Aug. 16, 2013) (dismissing elder abuse claim where, at time of purportedly wrongful

8  conduct, "the FAC [was] silent whether plaintiffs were age 65 or older to qualify as elders").

9  Here, Plaintiffs do not state Plaintiff Salehi-Had's age at the time of the conduct giving rise to

10  their elder abuse claim.  They merely conclude that she "is an 'elder.'"  (FAC, ¶ 72.)  This is

11  insufficient to state a claim.

12         Plaintiffs' sixth claim for financial elder abuse is deficient for all of the reasons described

13  above and should accordingly be dismissed without leave to amend.

14         **H.      Plaintiffs Fail To State A Claim For Intentional Infliction Of Emotional**
15         **Distress**

16         To state a claim for intentional infliction of emotional distress, a plaintiff must assert

17  facts indicating: "(1) extreme and outrageous conduct by the defendant with the intention of

18  causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

19  suffering severe or extreme emotional distress; and (3) actual and proximate causation of the

20  emotional distress by the defendant's outrageous conduct."  *Christensen v. Super. Court*, 54 Cal.

21  3d 868, 903 (1991).  As for the first element, the defendant's conduct must be so extreme as to

22  "exceed all bounds of that usually tolerated in a civilized community," and "intended to inflict

23  injury or engaged in with the realization that injury will result."  *Id.*  As for the second element,

24  the emotional distress must be "of such a substantial quantity or enduring quality that no

25  reasonable man in a civilized society should be expected to endure it."  *Fletcher v. W. Nat'l Life*

26  *Ins. Co.*, 10 Cal. App. 3d 376, 397 (1970).  Here, Plaintiffs' attempt to state a claim for

27  intentional infliction of emotional distress is woefully inadequate.

28

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB

First, Plaintiffs do not allege any "extreme and outrageous" conduct by Chase.  They do not specify which conduct underlies the claim, instead referring generally to "Chase's actions as alleged hereinabove."  (FAC, ¶ 82.)  As explained able, this is improper and a sufficient reason, in itself, to dismiss the claim.  *See Lesavoy*, 2014 U.S. Dist. LEXIS 160880, at *3; Fed. R. Civ. P. 8(a)(2); *Stanard*, 658 F.3d at 797-98.  Moreover, none of the conduct alleged in the FAC rises to the level of "extreme and outrageous."  Even if Chase erred in computing Plaintiffs' reinstatement or payoff quotes – which it does not concede – servicing errors are an insufficient basis for an intentional infliction of emotional distress claim. *See, e.g. Quinteros v. Aurora Loan Services*, 740 F. Supp. 2d 1163 (E.D. Cal. 2010) (foreclosing on home not the kind of conduct that supports claim).

Second, Plaintiffs do not adequately allege that Chase acted with the intention of causing (or was reckless in causing) Plaintiffs to suffer emotional distress.  The FAC does not set forth any facts to support Plaintiffs' vague legal conclusion that Chase's actions "were knowing, intentional, and willful and done with a reckless disregard of the probability of causing Plaintiffs' severe emotional distress."  (FAC, ¶ 82.)  Accordingly, their allegations are insufficient to satisfy the first element of the claim.  *See, e.g.*, *Papasan*, 478 U.S. at 286.

Third, the FAC also does provide any factual support for Plaintiffs' conclusion that they "suffered extreme mental anguish and emotional distress."  (FAC, ¶ 83.)  Plaintiffs thus fail to adequately state the second element of the claim.  *See Papasan*, 478 U.S. at 286.

For all of these reasons, Plaintiffs utterly fail to state a claim for intentional infliction of emotional distress and the claim should therefore be dismissed.  As Plaintiffs cannot overcome these deficiencies by amendment, the Court should also deny Plaintiffs leave to amend.

KYL_SF668426.v2

1    **V.    CONCLUSION**

2           Based on the foregoing, Chase respectfully requests that this Court dismiss Plaintiffs'

3    claims without leave to amend.

4

5    DATED:  January 20, 2015                    */s/ Anne P. Daher*

6                                                GARRETT R. WYNNE
                                                 ANNE P. DAHER
7                                                KEESAL, YOUNG & LOGAN
                                                 Attorneys for Defendant
8                                                JPMORGAN CHASE BANK, N.A.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KYL_SF668426.v2

DEFENDANT JPMORGAN CHASE BANK, N.A.'S NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF - Case No. C 14-04587 LB